NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

v.

ESMERALDA MERCEDES ESCOBAR, *Appellant*.

No. 1 CA-CR 24-0418
1 CA-CR 24-0427
(Consolidated)

FILED 01-13-2026

Appeal from the Superior Court in Maricopa County
Nos. CR2021-000671-001, CR2023-128045-001
The Honorable Suzanne Marie Nicholls, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

_____

**F O S T E R**, Judge:

**¶1**         Esmeralda Escobar appeals her conviction and sentence for misconduct involving a weapon and her reinstatement of supervised probation for possession or use of narcotic drugs and possession or use of drug paraphernalia. Escobar, through counsel, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that after a diligent search of the record there was no arguable question of law. Escobar did not file a supplemental brief. After reviewing the record, this Court affirms Escobar's conviction and sentence and reinstated supervised probation.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         In 2023, two police officers conducted a traffic stop on a driver, later identified as Escobar. During the stop, an officer asked Escobar whether she had any weapons in the car. Escobar admitted she did. A search of Escobar's vehicle revealed a firearm, Escobar's wallet with identification, eight blue pills, a burnt piece of tin foil and a burnt straw. Testing showed that the firearm was functional and that the blue pills were fentanyl. At the time of the traffic stop, Escobar was on probation for a prior felony conviction.

**¶3**         During Escobar's interaction with the officers, she also stated "I would just rather call a lawyer, if you have a lawyer." The officers claimed to not hear Escobar's request. But after they reviewed the body camera footage, the officers admitted Escobar did make the statement. The officers read Escobar her *Miranda* warning, but she did not renew her request for an attorney after the warning.

**¶4**         The State charged Escobar with one count of misconduct involving weapons (Count 1), a class 4 felony; one count of possession or use of narcotic drugs (Count 2), a class 4 felony; and one count of possession or use of drug paraphernalia (Count 3), a class 6 felony. A.R.S. §§ 13-3101(A)(7)(d), -3401. Escobar pled not guilty to all charges. The State alleged

two historical prior felony convictions occurring in 2013 and 2020 and alleged that Escobar's offenses occurred while she was on probation citing A.R.S. § 13-708(C), which limits sentencing options. The Adult Probation Department also filed a petition to revoke Escobar's probation for violating one of the terms.

¶5            Before trial, the State offered Escobar two separate plea agreements and Escobar filed motions relating to the charges and evidence. Escobar rejected the plea agreements. On the motions, Escobar first moved to sever the misconduct involving weapons charge from the drug charges. The court granted the motion and severed the charge. Escobar also moved to suppress statements she made to officers after requesting an attorney. After an evidentiary hearing, the court denied Escobar's motion to suppress.

¶6            Trial for the misconduct involving weapons charge began in May 2024. Escobar appeared for trial but despite the court informing Escobar to remain readily available after recess, Escobar did not return, and the court issued a bench warrant. Escobar remained absent throughout the trial and the jury found Escobar guilty of misconduct involving weapons.

¶7            The court then held an aggravation hearing, where Escobar's probation officer testified and the jury determined Escobar was on probation at the time of the offense. The State asked the court to consider Escobar's prior felony conviction from a different case. Escobar's counsel objected, but the court found that based on the State's evidence, it proved Escobar had a prior conviction. The jury then returned a verdict finding the State proved beyond a reasonable doubt that Escobar was on probation for a prior conviction when she committed the misconduct involving weapons offense.

¶8            Trial for the remaining counts, possession or use of narcotic drugs and possession or use of drug paraphernalia, began later in the month. Escobar did not appear. The State presented evidence of the pills and other paraphernalia. After the State rested, Defense counsel moved and argued for a judgment of acquittal, which the court denied. Escobar's counsel declined to present evidence and the jury found Escobar guilty on both counts.

¶9            Sentencing occurred in July 2024 with Escobar present. The court sentenced Escobar to a presumptive 4.5 years' imprisonment on Count 1 with 37 days of presentence incarceration credit. The court designated Count 2 as a felony and placed Escobar on supervised probation

for three-year terms to commence upon her release from imprisonment for Counts 2 and 3. The court also reinstated Escobar on probation on Count 2 for a term of 2 years for her prior case.

**¶10**        Escobar timely appealed and this Court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A), 13-4031 and -4033.

## DISCUSSION

**¶11**        This Court reviews Escobar's conviction, sentence and supervised probation for reversible error. *See Leon*, 104 Ariz. at 300.

**¶12**        In preparation for trial, Escobar challenged the voluntary nature of her statements made to the officers at the time of her arrest. She argued the court should have precluded her statements about the weapon in her car because she had invoked her right to counsel.

**¶13**        But even without Escobar's statements, the firearm in Escobar's vehicle was sufficient to support the misconduct involving weapons conviction. Misconduct involving weapons requires that the defendant knowingly "[p]ossessed a deadly weapon or prohibited weapon" as a prohibited possessor. A.R.S. § 13-3102(A)(4). Possession includes "to exercise dominion or control over the property." A.R.S. § 13-3101(A)(7)(d). Here, the State proved Escobar had control over the gun. *See State v. Bustamante*, 229 Ariz. 256, 259, ¶ 10 (App. 2012) (it is the State's burden to prove a weapons misconduct charge). The officers found the gun on the driver's seat where Escobar had been sitting before officers removed her from the vehicle. Not only had Escobar been sitting on the gun, she was the only occupant of the vehicle. This evidence established that the gun was in Escobar's control. *Id.* at 259, ¶¶ 11–12. Moreover, the officers testified that the gun was in plain view of anyone looking in the vehicle, establishing that they could lawfully seize it. *See* A.R.S. § 13-3102(A)(2), (L); *see also Mazen v. Seidel*, 189 Ariz. 196, 197 (1997) ("[C]ontraband that is in plain view . . . may be lawfully seized.") (cleaned up). Based on this evidence, the jury could reasonably conclude that Esobar knew and had control of the firearm, justifying Escobar's conviction. This Court discerns no error.

**¶14**        On the second issue of Escobar's attendance at trial, a court may determine that a defendant's voluntary absence waives her right to be present at trial if she had (1) "actual notice of the date and time of the proceeding"; (2) "notice of the right to be present" and (3) "notice that the proceeding would go forward in [her] absence." Ariz. R. Crim. P. 9.1. Here, Escobar waived her presence when she failed to be present following her morning appearance on her first day of trial. Because she

had appeared at trial, Escobar knew the date and time of her trial as well as her right to be present. Escobar also knew, before the court recessed, that her failure to be present would result in trial proceeding without her and that the court would issue a warrant. Therefore, the court proceeding without Escobar at trial was not an error.

**¶15**      The record reflects that the court provided Escobar with her constitutional and statutory rights and conducted proceedings compliant with the Arizona Rules of Criminal Procedure. Counsel represented Escobar at all stages of the proceeding. Moreover, the State presented evidence to support the jury's verdict, and the sentence imposed was within the statutory guidelines. This Court declines to order briefing and affirms Escobar's conviction and sentence and supervised probation.

**¶16**      Upon the filing of this decision, defense counsel shall inform Escobar of the status of the appeal and of her future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). This Court, of its own accord, grants Escobar 30 days from the date of this decision to proceed, if she desires, with a *pro per* motion for reconsideration. *See* Ariz. R. Crim. P. 31.3(a), 31.20(c). Escobar may petition for the Arizona Supreme Court for review no later than 30 days after the date of this decision, or, if she files a timely motion for reconsideration, no later than 15 days after the motion is decided. *See* Ariz. R. Crim P. 31.21(b)(2)(A).

## CONCLUSION

**¶17**      This Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR

5